HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE MEDICAL PROTECTIVE COPMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NASRA ELMI; ROBERT BLANTON; AESTHETIC REJUVENATION SPA, PLLC; and KRISTINE BRECHT, M.D.,<br><br>Defendants. | CASE NO. 2:24-cv-00212-RAJ<br><br>ORDER |

**I.     INTRODUCTION**

THIS MATTER comes before the Court on Plaintiff The Medical Protective Company ("Plaintiff")'s Amended Motion to File its Second Amended Complaint. Dkt. # 17. Defendants Nasra Elmi; Robert Blanton; Aesthetic Rejuvenation Spa, PLLC; and Kristine Brecht, M.D. ("Dr. Brecht") (collectively, "Defendants") did not respond to Plaintiff's Motion, as each Defendant has yet to appear in this case.

For the reasons set forth below, the Court **GRANTS** Plaintiff's Amended Motion to File its Second Amended Complaint.

ORDER - 1

## II. BACKGROUND

This is a declaratory judgment action concerning an insurance dispute. Given that the instant Motion concerns the procedural posture of the case only, the Court will not discuss the substantive facts underlying the matter.

Plaintiff filed its original Complaint on February 15, 2024. Dkt. # 1. Subsequently, Plaintiff sought leave of the Court to amend its Complaint, as the caption listed an incorrect party. Dkt. # 8.[1] The Court granted Plaintiff's Motion. Dkt. # 13. On September 25, 2024, the Bankruptcy Court in this District issued an order lifting the bankruptcy stay involving Dr. Brecht, thereby permitting Plaintiff to proceed with its declaratory relief action. Dkt. # 17 at 5-6. Plaintiff now moves this Court for leave to file a Second Amended Complaint that includes the disposition of the bankruptcy proceeding.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. Rule 15(a) provides that "a party's right to amend as a matter of course terminates 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments

---

[1] The caption listed "MedPro Insurance Company" instead of "The Medical Protective Company" as the Plaintiff. Dkt. # 8 at 1.

to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

### IV.     DISCUSSION

Plaintiff seeks to add one line to the factual allegation section of its pleading, which is "[o]n September 25, 2024, the Bankruptcy Court lifted the stay to allow MedPro to proceed with the declaratory relief action." Dkt. # 17 at 11. Additionally, Plaintiff proposing deleting two lines of the Amended Complaint that indicate the bankruptcy proceeding is ongoing. *See id.* Given the policy of favoring amendments to pleadings, the informative nature of the proposed amendment, and the fact that no summonses have been served, the Court finds that granting Plaintiff's Motion will neither prejudice any party nor violate the requirements of justice.

### V.     CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Plaintiff's Amended Motion to File its Second Amended Complaint. Dkt. # 17.

Dated this 29th day of October, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER - 3