HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE MEDICAL PROTECTIVE COMPANY,

Plaintiff,

v.

NASRA ELMI; ROBERT BLANTON; AESTHETIC REJUVENATION SPA, PLLC; AND KRISTINE BRECHT, M.D.,

Defendants.

Case No. 2:24-cv-00212-RAJ

ORDER

THIS MATTER comes before the Court on Jeffery Myra Wheat of Wheat Legal PLLC's Motion for Leave to Withdraw as Counsel for Defendants Kristine Brecht, M.D. and Aesthetic Rejuvenation Spa PLLC (the "Motion," Dkt. # 47). No party has filed any response or opposition to the Motion. The Motion provides that Wheat Legal PLLC's continued representation of Kristine Brecht, M.D. ("Dr. Brecht") and Aesthetic Rejuvenation Spa PLLC ("Aesthetic Rejuvenation") is "ethically impermissible due to a non-waivable conflict of interest arising from a recently filed adversary proceeding in the

ORDER – 1

related bankruptcy case that names counsel personally as a defendant." Dkt. # 47 at 1–2.

Courts consider several factors in evaluating a motion to withdraw, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Curtis v. Illumination Arts, Inc.*, No. C12-0991-JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014). As relevant to this Motion, a January 30, 2026 adversary complaint filed by the Chapter 7 Trustee in Dr. Brecht's bankruptcy proceedings names Mr. Wheat as an individual defendant and "asserts claims for professional negligence, fraudulent transfer, conversion, and liability as a subsequent transferee under 11 U.S.C. § 550." Dkt. # 47 at 2. Counsel represents that these claims "all aris[e] directly from counsel's conduct in representing Dr. Brecht in the underlying bankruptcy proceedings," which are "closely related" to this action. *Id.* Accordingly, counsel submits that a non-waivable conflict has arisen due to counsel's "direct personal and financial interest in defending himself and Wheat Legal PLLC against the Trustee's allegations," which is "materially adverse to Dr. Brecht's interests, as any defense counsel advances to the negligence claim will necessarily involve asserting that the legal advice he provided was correct and that his strategic decisions were sound." *Id.* at 3.

The Court concludes that counsel's representations articulate valid bases for withdrawal. *See* Wash. Rules of Prof'l Conduct R. (RPC) 1.16(a), cmt. 3 ("[A] lawyer's statement [to the court] that professional considerations require termination of the representation ordinarily should be accepted as sufficient" justification for withdrawal). Additionally, due to the emergence of an actual conflict between counsel and his client in a closely-related proceeding, the conflict is non-waivable. *See* RPC 1.7(b)(3)

ORDER – 2

(prohibiting continued representation of representation of opposing parties in the same litigation, regardless of the clients' consent); *In re Marriage of Wixom & Wixom*, 182 Wash. App. 881, 902, 332 P.3d 1063, 1074 (2014) (where an attorney represented himself and his client, and an actual conflict arose between the attorney and client with respect to the allocation of sanctions, the conflict was not waivable by client).

As required by the local rules, counsel has certified service of the Motion and the supporting declarations to his clients and opposing counsel. Dkt. # 47 at 5; *see* Local Rules W.D. Wash. LCR 83.2(b)(1). Counsel has also provided the Court with his clients' addresses and telephone number. Dkt. # 47-1 at 2; *see* LCR 83.2(b)(1). The Court therefore **GRANTS** counsel's Motion for Leave to Withdraw as Counsel for Defendants Kristine Brecht, M.D. and Aesthetic Rejuvenation Spa PLLC. Dkt. # 47.

Plaintiffs filed a Motion for Summary Judgment in this matter. Dkt. # 48. While the Motion for Summary Judgment appears to be unopposed, and was noted for March 17, 2026, the Court acknowledges that the absence of opposition from Dr. Brecht and Aesthetic Rejuvenation may have resulted from the non-waivable conflict identified by counsel in this Motion—particularly given that, unless it is a sole proprietorship, Aesthetic Rejuvenation must be cannot proceed in this action on a *pro se* basis. *See* Local Rule 83.2(b).

Although the Court encourages Dr. Brecht to seek new counsel as well, the Court advises Dr. Brecht that she remains responsible for defending the claims against her in this action, including meeting Court deadlines and complying with the Court's local rules. Dr. Brecht will find resources for *pro se* parties, including the Court's local rules, at the Court's website, www.wawd.uscourts.gov.

//

//

ORDER – 3

On the basis of the foregoing, the Court extends the deadlines in this matter as follows:

(1) Defendants Kristine Brecht, M.D. and Aesthetic Rejuvenation Spa PLLC shall have **thirty (30) days** from the entry of this Order to retain new counsel. New counsel shall enter an appearance no later than **May 1, 2026**.

(2) Any response by Defendants Kristine Brecht, M.D. and/or Aesthetic Rejuvenation Spa PLLC to Plaintiffs' pending Motion for Summary Judgment, Dkt. # 48, shall be due within **thirty (30) days** of the entry of appearance by new counsel.

The Clerk shall update the docket to include the following address for Dr. Brecht and shall ensure that this Order is mailed to the address below. It is Dr. Brecht's obligation to update the Court with any change in address.

Dr. Kristine Brecht
9654 California Ave SW
Seattle, WA 98136
Telephone: (774) 239-1396
Email: tinabrechtmd@hotmail.com

DATED this 1st day of April, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4